Rios, J. (concurring in part and dissenting in part in the following memorandum).
Although I am in agreement with the majority that the judgment should be reversed, the order granting plaintiffs motion for summary judgment vacated, and plaintiffs motion for summary judgment denied, in my opinion, we should not search the record to grant summary judgment in favor of defendant dismissing the action. Rather, the matter should be remanded for a trial on developed facts as to which specific services were provided by plaintiff to its assignor. While it is true that workers’ compensation fee schedules have been established for acupuncture services performed by a chiropractor, the record is silent as to whether the subject billing refers to treatment which is usually rendered by a chiropractor within the scope of his or her chiropractic license (see Education Law § 6551), or whether the billed services are for treatment for which a license as an acupuncturist is needed (see Education Law § 8214), in which event, the procedures performed by plaintiffs acupuncturist would be sufficiently dissimilar from those rendered by a chiropractor that the fee schedules established for chiropractors should not be invoked.
Weston Patterson, J.P., and Belen, J., concur; Rios, J., concurs in part and dissents in part in a separate memorandum.